UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS JAMES CARPENTER, JR.,

        Plaintiff,

v.                                       Case No. 3:20-cv-1071-J-34JBT

PUTNAM COUNTY SHERIFF'S OFFICE,
et al.,

        Defendants.
_____

## ORDER

Plaintiff Thomas Carpenter, an inmate of the Putnam County Jail, initiated this action on September 7, 2020, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under 42 U.S.C. § 1983. Carpenter names the Putnam County Sheriff's Office (PCSO), Christopher Batchelder, Nicholas Vieira, Jerry Gentry, and Danielle Boyer as Defendants. Carpenter asserts violations of the Fourth and Fifth Amendments to the United States Constitution. Complaint at 3.[1] As relief, Carpenter seek monetary damages and requests that Defendants be held accountable and the police misconduct be fixed. Id. at 5.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.

_____

[1] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328).  Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

The Court must read a plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him or her of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, in § 1983 suits, the Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted

deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, Carpenter cannot sustain a cause of action against the Defendants.

In the Complaint, Carpenter alleges that on March 25, 2020:

> The defendants all 4, lied, violated my constitution[al] rights, abused the authority, falsified documents, acted [with] bias, Jerry Gentry III stated "Ima [sic] stick long [expletive] to you [expletive] boy." The[y] intimated [sic] the mother of my kids, acted in police misconduct. They say they perform a traffic stop and the[y] didn't follow proper protical [sic]. I crashed into tree and officer jumped out screaming at me, I [complied] put my hand out [the] window, even stated yes sir, they then not [sic] concern with my health cut my seat belt and threw me to the ground putting there [sic] knee all in my back, keeping it there [excessively].

Complaint at 4. Carpenter further asserts that:

> The officer didn't follow proper protical [sic] and the law the[y] failed to upheld [sic] the badge the[y] sworn to protect. They acted on police misconduct, violated my constitutional right and did [not] care about my well being, they threated [sic] me, tried [to] hurt me, lied, all defendants listed was involved.

Id. at 5. According to Carpenter, Defendants took him to the hospital to get an upper-body x-ray to determine if Carpenter had swallowed narcotics but otherwise refused to give him medical treatment. Id. Carpenter states that "[t]he doctor order[ed] cat scan and all kinds [of] tests, [but] they didn't follow none of it." Id. He maintains that he has pain in his chest, back, and neck. Id.

A civil rights complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civil P. 8(a)(2). While not required to

include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Indeed, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A plaintiff must allege sufficient facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Here, Carpenter has not alleged sufficient facts to establish his entitlement to relief. His claims are conclusory in nature and devoid of specific facts that would allow the Court to draw reasonable inferences that Defendants violated Carpenter's Fourth and Fifth Amendment rights. Indeed, Carpenter has failed to identify with any specify the alleged misconduct of each Defendant. Instead, Carpenter generally alleges only legal conclusions. The limited facts Carpenter does provide do not state a claim upon which relief can be granted. The Defendant's alleged verbal threats do not state a constitutional claim. See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (holding "allegations of verbal abuse and threats by the prison officers [do] not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim."). As it relates to his claim of excessive force, "the application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." Nolin v. Isbell, 207 F.3d 1253, 1257 (11th Cir. 2000). Defendants' alleged actions of pushing Carpenter to the floor during the arrest and placing their knees on his back, without more, does not state a claim of excessive force under the Fourth Amendment. See id. at 1258 (finding officer's actions of grabbing plaintiff, shoving plaintiff against car, and pushing his knee into plaintiff's back constituted

4

de minimis force). Regarding his alleged lack of medical care, Carpenter has not stated sufficient facts to support a deliberate indifference claim because he has not alleged whether he suffered from a serious medical need or that Defendants had subjective knowledge of the serious medical need and purposely disregarded it. See generally Oliver v. Fuhrman, 739 F. App'x 968, 969-70 (11th Cir. 2018) (explaining elements of a deliberate indifference claim). Instead, at best Carpenter has alleged mere negligence, which is insufficient to establish a constitutional violation. See Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Concerning PCSO, "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013). Therefore, Carpenter has not stated a § 1983 claim against PCSO upon which relief can be granted. Based on the sparse factual allegations asserted in support of Carpenter's claims, the Complaint is due to be dismissed without prejudice as conclusory. See Iqbal, 556 U.S. at 678; L.S.T., Inc., 49 F.3d at 684; Rehberger, 577 F. App'x at 938.

In light of the above, it is

**ORDERED AND ADJUDGED** that**:**

1.      This case is hereby **DISMISSED WITHOUT PREJUDICE**.

2.      The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of September, 2020.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-8

c:  Thomas Carpenter